**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANTONIO JONES,**

**Plaintiff,**

**v.** **Case No. 25-CV-1664**

**DR. JAMES RICHTER, *et al.*,**

**Defendants.**

---

**ORDER**

---

On April 14, 2026, the court screened *pro se* plaintiff Antonio Jones's complaint and found that his claims against the Health Services Unit Manager at Green Bay Correctional Institution (GBCI) and all of Dr. Richter's actions at GBCI are barred by the statute of limitations. (ECF No. 8 at 4-5.) On August 18, 2026, Jones filed a motion under Federal Rule of Civil Procedure 52(b) asking the court to add GBCI's Health Services Manager and the allegations pertaining to Dr. Richter's actions at GBCI back into the suit. (ECF No. 21.)

Rule 52(b) does not apply because the court has not entered a final judgment in this case. The order in question is interlocutory, which is governed by Fed. R. Civ. P. 54. "Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Forester-Hoare v. Freeman*, No. 24-CV-557-JPS, 2025 WL 2877856, at *1 (E.D. Wis. Oct. 9, 2025) (citing *Ghashiyah v. Frank*, No. 05-CV-766,

2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008)). The standard under Rule 54 is substantially similar to the standard applied under Rule 59(e): the court "may grant it if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the court previously misunderstood a party's argument." *Id.*

Jones argues that the court committed an error of law because Jones states his allegations make clear that he did not know the cause of his eye pain until April 2023. Generally, "for a § 1983 claim based on medical injury arising from deliberate indifference, the relevant injury for statute-of-limitations purposes is not the intangible harm to the prisoner's constitutional rights but the physical injury caused by the defendants' indifference to the prisoner's medical needs." *Devbrow v. Kalu,* 705 F.3d 765, 768 (7th Cir. 2013). The period "starts to run when the plaintiff discovers his injury and its cause even if the full extent or severity of the injury is not yet known." *Id.* However, Jones's allegations demonstrate that he knew the initial cause of his eye pain back in November 2009, when he got in a fight while at GBCI. (ECF No. 1 at 12.) Then from October 28, 2010, through May 18, 2022, Jones details, at length, the treatments he sought for his eye pain. (*Id.* at ¶¶ 13-55.) Jones first complains that Dr. Richter's treatment is ineffective on December 9, 2010. (*Id.*, ¶ 16.) Arguably, this is when Jones discovered that he sustained an injury from Dr. Richter's deliberate indifference. Dr. Richter's treatment (or lack thereof) of Jones's eye pain continued until Jones transferred in May 2022. At that point, the clock on Jones's treatment began to run, meaning he needed to bring suit against the GBCI

officials for all events occurring before April 5, 2018, by April 2024, and for all events occurring after April 5, 2018, by May 2025.[1] Jones did not file suit until October 28, 2025, so his claims are time-barred. The claim against Dr. Richter at Fox Lake Correctional institution is not a continuing violation because it concerns a completely separate treatment decision regarding post-surgical care. The court did not make a manifest error of law, and Jones's motion for reconsideration is therefore denied.

**IT IS THEREFORE ORDERED** that Jones's motion for reconsideration (ECF No. 21) is **DENIED**.

Dated in Milwaukee, Wisconsin this 21st day of September, 2026.

Stephen C. Dries
STEPHEN DRIES
United States Magistrate Judge

[1] The length of the applicable statute of limitations changed on April 5, 2018.